Conal Doyle, Cal. Bar #: 227554
WILLOUGHBY DOYLE LLP
1814 Franklin Street, Suite 800
Oakland, CA 94612
(510) 451-2777
fax: (510) 835-1050
conal@willoughbydoyle.com

Adele Kimmel, Cal. Bar #: 126843
PUBLIC JUSTICE, P.C.
1825 K Street, NW, Suite 200
Washington, DC 20006
(202) 797-8600
fax: (202) 232-7203
akimmel@publicjustice.net

Attorneys for Plaintiff

ORIGINAL FILED
JUN 24 2009
LOS ANGELES
SUPERIOR COURT

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**SOUTHEAST DISTRICT**

| | |
|---|---|
| FRANCISCO CASTANEDA, Plaintiff, vs. THE STATE OF CALIFORNIA | Case No.: VC050229 **[~~PROPOSED~~] ORDER ON DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS** |

THIS CAUSE came on to be heard on Plaintiff's Motion for Judgment on the Pleadings, heard on June 15, 2009, at 8:30 a.m., in Department C of the above styled court before the Honorable Raul A. Sahagun. The Court, having reviewed the court file, briefs, evidence, and being otherwise duly advised in the premises, ORDERS and ADJUDGES:

Defendant seeks judgment on the pleadings of plaintiff's sole cause of action for violation of Government Code section 845.6 based on non-compliance with the claims presentation requirement Government Claims Act. See Govt. Code § 910 *et seq.*

The first issue is that the allegations in the complaint are not fairly reflected in the June 2007 claim filed by plaintiff. In the claim, plaintiff contended that the Department of Corrections "failed to provide adequate and necessary medical care for a known serious medical need, resulting in failure to timely diagnose and treat...." See Motion, Exh 1.

Under Government Code section 845.6, a public entity may be liable for failing to furnish medical care to a prisoner in custody if it knows or has reason to know that the prisoner is in need of immediate medical care and it fails to take reasonable action to summon such medical care.

In his complaint, plaintiff alleges that defendant's employees knew of his need for urgent urological care, but that it failed to refer him to a urologist for a biopsy which constituted a failure to summon the medical care required.

The general rule is that allegations in a complaint must correspond to the tort claim. Fall River Joint Unified School Dist. v. Superior Court (1988) 206 Cal.App.3d 431. In applying the rule, the court looks to whether the complaint is predicated on the same fundamental actions of failures to act by the defendants as the claim. Stockett v. Association of Cal. Water Agencies Joint Powers Ins. Authority (2004) 34 Cal.4th 441, 447 (citation omitted). Here, the claim provided defendant with adequate information to investigate plaintiff's charges. Id. The Court finds that the facts and legal theories alleged are fairly reflected in plaintiff's claim. The motion for judgment is denied on that ground.

Defendant also argues that the heir's claim for wrongful death is unsupported by any government claim, in violation of Government Code section 945.4. Insofar as plaintiff's death has not yet been alleged, and the heir not named as a survivor, the motion is premature. However, the propriety of the heir's claim and the survivor action are discussed below, in connection with plaintiff's motions for leave to amend and to substitute parties.

In opposition to plaintiff's motion and in support of its judgment on the pleadings, defendant argues against allowing a wrongful death cause of action on the ground that the heir has not filed her own government claim and it is beyond the time within which to apply for leave to file a late claim. Govt. Code § 911.4.

Defendant has not cited authority that expressly states that a wrongful death plaintiff must file a separate claim where decedent had already complied with the claim presentation requirement prior to his death. Even assuming that to be true, the Court finds that defendant is estopped from arguing the statue of limitations as an affirmative defense.

A public entity may be estopped from asserting the limitations of the claims statute where it is prevented or deterred the filing of a claim by some affirmative act. See John R. v. Oakland Unified School Dist. (1989) 48 Cal.3d.438, 445 (citations omitted).

Here, the Court finds that defendant's affirmative conduct throughout the subject litigation (and the related federal action) deterred plaintiff from timely filing a claim. Defendant has engaged in extensive discovery in the actions. Counsel also recognized in its May 2008 Case Management Statement that plaintiffs could amend the pleading to add the heirs. All parties participated in mediation in July 2008, which included discussion of plaintiff's wrongful death claim. It is also noted that the motion for judgment on the pleadings was filed just over a year after decedent's death, or just after the heir's statutory time to present a late claim expired. Finally, it is noted that defendant was clearly on notice of this action and will suffer no prejudice by allowing plaintiff to assert her wrongful death cause of action, the fact of which have been known since June 2007.

It is hereby further ORDERED and ADJUDGED:

1. Defendant STATE OF CALIFORNIA's motion for judgment on the pleadings is DENIED. C.C.P. § 438.
2. Defendant's request for judicial notice is GRANTED. Evid. Code §§ 452, 453."

JUN 24 2009

DATED: ______________, 2009.

Judge Raul A. Sahagun

By______________________________
THE HONORABLE RAUL A. SAHAGUN