Conal Doyle, Cal. Bar #: 227554
WILLOUGHBY DOYLE LLP
1814 Franklin Street, Suite 800
Oakland, CA 94612
(510) 451-2777
fax: (510) 835-1050
conal@willoughbydoyle.com

Adele Kimmel, Cal. Bar #: 126843
PUBLIC JUSTICE, P.C.
1825 K Street, NW, Suite 200
Washington, DC 20006
(202) 797-8600
fax: (202) 232-7203
akimmel@publicjustice.net

Attorneys for Plaintiff

ORIGINAL FILED

JUN 2 4 2009

LOS ANGELES
SUPERIOR COURT

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**SOUTHEAST DISTRICT**

FRANCISCO CASTANEDA,
Plaintiff,
vs.
THE STATE OF CALIFORNIA

Case No.: VC050229

**~~[PROPOSED]~~ ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

THIS CAUSE came on to be heard on Plaintiff's Motion for Leave to Substitute, heard on June 15, 2009, at 8:30 a.m., in Department C of the above styled court before the Honorable Raul A. Sahagun. The Court, having reviewed the court file, briefs, evidence, and being otherwise duly advised in the premises, ORDERS and ADJUDGES:

Defendant seeks summary judgment on the ground that plaintiff has not stated a cause of action for violation of Government Code Section 845.6 because he actually received medical

treatment. It relies solely on the allegations in the complaint to meet its burden under section 473c(p)(2). See Defendant's Separate Statement.

In Watson v. State of Calif. (1993) 21 Cal.App.4th 836, relied on the moving papers, the Court drew a distinction between failure to summon medical care (a violation of section 845.6) and failure to provide adequate care. There, however, the State had no knowledge of plaintiff's injury. Id. Here, it is alleged that the prison officials knew of plaintiff's condition and his need for urgent care. See Lucas v. County of Los Angeles (1996) 47 Cal.App.4th 277. Plaintiff proffers evidence that certain referrals to a urologist had been made, but he was never provided the consult. Depo. of Dr. Andrew Leong at 39-43, 83-87, 96-111. The acting Chief Medical Officer at the prison denied Dr. Leong's request for a urological consult. Dr. Meckemson depo. at 30-32.

The Court finds that the evidence presented creates a triable issue of material fact as to whether defendant violated the statute. See Jett v. Penner (9th Cir. 2006) 439 F3d. 1091. The motion for summary judgment is denied on that ground.

In the alternative, defendant seeks summary judgment on the ground that plaintiff failed to exhaust his administrative remedies at the prison. Under the California Code of regulations, title 15, section 3084.6, a prison inmate is required to file an inmate appeal within 15 days of an incident. It is undisputed that plaintiff failed to do so. Generally, where an administrative remedy is provided by a statute, it must be exhausted in order for the court to obtain jurisdiction. See Sabatasso v. Superior Court (2008) 167 Cal.App.4th 791.

The doctrine of exhaustion of administrative remedies is limited by exceptions such as when the administrative agency cannot grant an adequate remedy or exhausting such remedy would result in irreparable harm. See In re Hudson (2006) 143 Cal. App. 4th 1, 7 (citation

omitted). Here, plaintiff did not have knowledge that his request for a urological consult was denied. See Depo. Of Susan Pasha.

Even assuming plaintiff had such knowledge, it does not appear that the prison could grant an adequate remedy, since plaintiff was released from state prison months before his claim was filed. Defendant has not met its burden of showing that pursuit of an administrative remedy by a released prisoner is required generally, or should be required in this instance. The motion for summary judgment is denied on that ground as well. C.C.P. § 437 c(p)(2).

It is hereby further ORDERED and ADJUDGED:

1. Defendant STATE OF CALIFORNIA'S motion for summary judgment is DENIED. C.C.P § 437c.

JUN 24 2009

DATED: _______________, 2009.

Judge Raul A. Sahagun

By_______________________________
THE HONORABLE RAUL A. SAHAGUN