O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO CASTANEDA,<br><br>            Plaintiff,<br><br>   v.<br><br>THE UNITED STATES OF AMERICA, ~~CALIFORNIA,~~ GEORGE MOLINAR, in his individual capacity, ~~CHRIS HENNEFORD, in his individual capacity,~~ ~~JEFF BRINKLEY, in his individual capacity,~~ ~~GENE MIGLIACCIO, in his individual capacity,~~ ~~TIMOTHY SHACK, M.D., in his individual capacity,~~ ESTHER HUI, M.D., in her individual capacity, STEPHEN GONSALVES, in his individual capacity, ~~CLAUDIA MAZUR, in her individual capacity,~~ DANIEL HUNTING, M.D.,<br><br>            Defendants. | Case No. CV 07-07241 DDP (JCx)<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>[Motion filed on 8/11/2010] |

    Presently before the court is Defendant Robert Mekemson ("Dr. Mekemson") and Susan Pasha ("Nurse Pasha")'s Motion for Summary Judgment.[1]  After reviewing the parties' moving papers and hearing

---

[1] This order refers to Dr. Mekemson and Nurse Pasha, the
(continued...)

argument, the court denies the motion and adopts the following order.

## I. Background

The facts of this case, involving allegations of constitutional violations under the Eighth Amendment, are known to the parties and are more fully described in this court's previous orders. Accordingly, the court will only explain the facts here as necessary.

In December 2005, Francisco Castaneda ("Castaneda") was incarcerated at the North Kern State Prison. During a medical screening on December 8, 2005, Dr. Andrew Leong found a lesion on Castaneda's penis. Dr. Leong recommended that Castaneda see a urologist and obtain a circumcision. On December 27, Dr. Leong observed discolorations on Castaneda's penis, a constriction of the foreskin, and a foul smell. Dr. Leong filled out a "Physician Request for Services form." On the form, Dr. Leong wrote "rule out squamous cell [carcinoma]" and requested that Castaneda consult with a urologist. Dr. Leong requested the consultation "ASAP – 1 – 2 weeks" and marked the request as "Routine."

Roughly two weeks later, on January 11, 2006, Dr. Mekemson, in his capacity as Chief Medical Officer of the North Kern State Prison, reviewed Dr. Leong's request. Dr. Mekemson observed that Castaneda was scheduled to be transferred to a different facility the following day, January 12. Dr. Mekemson believed that

---

[1](...continued)
moving parties here, collectively as "Defendants."

Castaneda would receive a medical screening at the new facility, and therefore denied the request for a urology consultation.

Nurse Pasha examined Castaneda on February 7, 2006. Nurse Pasha observed a raised, white-yellow lesion on Castaneda's penis. Nurse Pasha filled out a Physician Request for Services Form. On the form, Nurse Pasha wrote, "Rule out squamous cell [carcinoma]." Nurse Pasha requested a urology consultation, marked the request "Urgent," and noted that Castaneda should make a follow-up visit in one month. One month later, on March 7, Castaneda had not yet received a urology consultation. Nurse Pasha again planned to follow up after one month. Castaneda was scheduled for a urology consultation on March 29, 2006, but was released into federal custody on March 26, 2006, three days before his urology appointment. Castaneda died of aggressive penile cancer in February 2008.

Plaintiffs allege that Dr. Mekemson and Nurse Pasha were deliberately indifferent to Castaneda's medical needs, in violation of the Eighth Amendment. Plaintiffs also bring a wrongful death claim under California State Law. Dr. Mekemson and Nurse Pasha now move for summary judgment.

**II.   Legal Standard**

A motion for summary judgment must be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and of

identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

Where the moving party will have the burden of proof on an issue at trial, the movant must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party.  On an issue as to which the nonmoving party will have the burden of proof, however, the movant can prevail merely by pointing out that there is an absence of evidence to support the nonmoving party's case. See id.  If the moving party meets its initial burden, the non-moving party must set forth, by affidavit or as otherwise provided in Rule 56, "specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).

It is not the Court's task "to scour the record in search of a genuine issue of triable fact." Keenan v. Allan, 91 F.3d 1275, 1278 (9th Cir. 1996). Counsel have an obligation to lay out their support clearly. Carmen v. San Francisco Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001). The Court "need not examine the entire file for evidence establishing a genuine issue of fact, where the evidence is not set forth in the opposition papers with adequate references so that it could conveniently be found." Id.

**III. Discussion**

*A. 8th Amendment Claim*

"[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 104 (1976) (internal quotation and citation omitted).  Mere

4

malpractice, however, is not enough to constitute an Eighth Amendment violation. "In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Id. at 106. A plaintiff alleging deliberate indifference must show a "serious medical need, indifference to that need, and harm caused by that indifference." Conn v. City of Reno, 591 F.3d 1081, 1095 (9th Cir. 2010). Indifference requires that defendants were subjectively aware of a serious medical need and "purposefully acted or failed to adequately respond" to that need. Id. at 1095-96.

Defendants argue that their conduct does not, as a matter of law, give rise to a claim of deliberate indifference. This court, however, must construe the facts in the light most favorable to the plaintiff. The evidence, so construed, is adequate to support an 8th Amendment claim.

The parties do not dispute that Castaneda had a serious medical need. There is evidence that Defendants were subjectively aware of that need. Dr. Mekemson knew that Castaneda had a penile lesion and constriction of the foreskin, that cancer was a possible cause of those symptoms, and that Castaneda needed a urology consultation "ASAP." Whether Dr. Mekemson's denial of treatment, based on his assumption that Castaneda would be screened at another facility, was an "adequate" response to Castaneda's medical need is a question best resolved at trial.

There is also evidence that Nurse Pasha was aware of Castaneda's need. She not only was aware of Dr. Leong's earlier assessment, but also made a similar assessment herself, in which

she raised the possibility of cancer and suggested an "Urgent" urology consultation. Plaintiffs have presented evidence that Nurse Pasha was required to ensure that Castaneda received the needed treatment, and that she failed to do so. Whether such failure was innocent, negligent, or deliberately indifferent is not an appropriate question for summary judgment.

The court also rejects Defendants' claims, abandoned in their reply materials, to qualified immunity. It is well-established that deliberate indifference to a prisoner's serious medical needs constitutes cruel and unusual punishment and violates the 8th Amendment. See, e.g., Estelle, 429 U.S. at 104, Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994) ("To establish unconstitutional treatment of a medical condition . . . a prisoner must show deliberate indifference to a 'serious' medical need.").

B. Wrongful Death Claim

1. Causation

Defendants point to expert testimony that Castaneda would have died of penile cancer regardless of Defendants' actions. Thus, Defendants argue, Plaintiffs have not satisfied the causation requirement of a wrongful death claim. This argument ignores the Declaration of Dr. Robert Kessler in Opposition to Defendants Mekemson and Pasha's Motion for Summary Judgment. Dr. Kessler states that, but for Dr. Mekemson and Nurse Pasha's actions and failures to act, Castaneda would not have died of penile cancer. Defendants have objected to Dr. Kessler's declaration on grounds that Dr. Kessler did not provide sufficient reasoning to support his opinion.

This court, however, granted Defendants' earlier motion to continue oral argument in this matter, and explicitly granted Defendants permission to depose Dr. Kessler. Defendants have not filed any further objections to Dr. Kessler's declaration, amended their memoranda, or filed supplemental declarations in response to Dr. Kessler's statements. Defendants' objections to Dr. Kessler's statements are therefore overruled. "When a defendant moves for summary judgment and supports his motion with expert declarations that his conduct fell within the community standard of care, he is entitled to summary judgment <u>unless the plaintiff comes forward with conflicting expert evidence</u>." <u>Hutchinson v. United States</u>, 838 F.2d 390, 392 (9th Cir. 1988) (emphasis added). Here, the conflict between expert opinions shall be resolved by the finder of fact at trial.

2. Subject Matter Jurisdiction

This court also rejects Defendants' contention that this court lacks subject matter jurisdiction over Plaintiffs' wrongful death claim. Before a plaintiff can bring an action against a public employee for injury resulting from an act or omission in the scope of public employment, the plaintiff must first file a complaint against the employing public entity. <u>Olden v. Hatchell</u>, 154 Cal.App.3d 1032, 1034, 201 Cal.Rptr. 715 (Ct. App. 1984) (citing Cal. Gov't Code §§ 911.2, 945.4, 950, 950.2.) Defendants acknowledge that Castaneda filed the requisite government claim, but argue that Plaintiffs, his heirs, failed to do so within the required time period. As the trial court observed during state proceedings against the public entity, however, the State deterred Plaintiffs from timely filing a claim. The State did not object to

1  amended pleadings adding the heirs as Plaintiffs, and engaged in
2  extensive mediation with Plaintiff-heirs subsequent to Castaneda's
3  death.  Defendants are estopped from asserting that Castaneda's
4  heirs failed to timely file a government claim.

5   Defendants argue that this court is without power to apply
6  equitable principles because this court lacks subject matter
7  jurisdiction in the first instance.  This argument is misplaced.
8  California Government Code § 946.6 allows courts, in some
9  instances, to grant plaintiffs permission to file late government
10 claims.  See Hom v. Chico Unified Sch. Dist., 245 Cal.App.3d 225,
11 338-39, 61 Cal. Rptr 920 (Ct. App. 1967).  To obtain judicial
12 permission to file a late claim, a plaintiff must show, among other
13 things, that the claim was made within one year of the accrual of
14 the cause of action.  Cal. Gov't Code § 946.6(c).  This one-year
15 limit "is a jurisdictional prerequisite to a claim relief
16 petition."  Santee v. Santa Clara Office of Educ., 220 Cal.App.3d
17 702, 713, 269 Cal.Rptr. 605 (Ct. App. 1990) (emphasis added).

18  Plaintiffs have not, however, requested judicial leave to file
19 a late claim under Cal. Gov't Code § 946.6.  Whether this court has
20 the power to grant such relief is of no moment.  California
21 Government Code § 946.6 does not use the word "jurisdiction."
22 Courts are "reluctant to read limitations on jurisdiction into a
23 statutory scheme that does not clearly divest a court of
24 jurisdiction."  Adkinson v. Comm'r of Internal Revenue, 592 F.3d
25 1050, 1055 (9th Cir. 2010) (citing Union Pacific R.R. v. Bhd. of
26 Locomotive Eng'r and Trainmen Gen. Comm. of Adjustment, Cent.
27 Region, 130 S.Ct. 584, 596 (2009) (Cautioning that not all
28 mandatory prescriptions are jurisdictional)).  This court therefore

8

rejects Defendants' argument that limitations on the court's ability to grant Plaintiffs leave to file a late government claim has the broader effect of depriving the court of subject matter jurisdiction in the first instance.

**IV. Conclusion**

For the reasons set forth above, the court DENIES the Motion for Summary Judgment.

IT IS SO ORDERED.

Dated: January 7, 2011

DEAN D. PREGERSON
United States District Judge