ANDRÉ BIROTTE JR.
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division
KEITH M. STAUB
Assistant United States Attorney
Cal. Bar No.: 137909
ANOIEL KHORSHID
Assistant United States Attorney
Cal. Bar No.: 223912
     Federal Building, Room 7516
     300 North Los Angeles Street
     Los Angeles, California 90012
     Telephone:(213) 894-7423  [Staub]
              (213) 894-6086  [Khorshid]
     Facsimile:(213) 894-7819
     Email:   keith.staub@usdoj.gov
              anoiel.khorshid@usdoj.gov

Attorneys for the United States of America


                 UNITED STATES DISTRICT COURT

            FOR THE CENTRAL DISTRICT OF CALIFORNIA

                      WESTERN DIVISION

YANIRA CASTANEDA *et al.*,        ) Case No. CV 07-7241 DDP (JCx)
                                  )
          Plaintiffs,             )
                                  ) **STIPULATION FOR COMPROMISE**
          v.                      ) **SETTLEMENT AND RELEASE OF**
                                  ) **FEDERAL TORT CLAIMS ACT CLAIMS**
UNITED STATES OF AMERICA, *et*    ) **PURSUANT TO 28 U.S.C. § 2677**
*al.*                             )
                                  )
          Defendants.             )
                                  ) Honorable Dean D. Pregerson

It is hereby stipulated by and between the undersigned Plaintiffs and the United States of America, by and through their respective attorneys, as follows:

1.   The parties do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action under the terms and conditions set forth in this Settlement Agreement.

2.   This Stipulation for Compromise Settlement and Release is not, is in no way intended to be, and should not be construed as an admission of liability or fault on the part of the United States, its agents, servants, or employees, and it is specifically denied that they are liable to the Plaintiffs.  This settlement is entered into by the parties for the purpose of compromising disputed claims under the Federal Tort Claims Act and avoiding the expenses and risks of further litigation.

3.   The United States agrees to pay the cash sums set forth below in paragraph 3(a).

(a)  As soon as it is practicable after the execution of this Stipulation For Compromise Settlement and Release, the United States will pay by wire transfer to "EPS Settlements Group Settlement Trust Account"; Account Number 6971176575, ABA Routing Number 107001067, the sum of One Million Nine Hundred Fifty Thousand Dollars and No Cents ($1,950,000.00), (hereinafter "settlement amount"), out of which the following disbursements will be made by EPS Settlements Group from said trust account:

(i)  One Million Four Hundred Forty Three Thousand Seven Hundred Fifty Dollars and No Cents ($1,443,750.00) to

2

Willoughby Doyle, LLP.  This payment should be mailed to the Plaintiff's attorneys at the following address:

>                    Willoughby Doyle, LLP
>                    433 North Camden Drive, Suite 730
>                    Beverly Hills, CA 90210

(ii) To a life insurance company or companies rated at least A+ by A.M. Best rating service, the sum of Five Hundred Six Thousand Two Hundred Fifty Dollars and No Cents ($506,250.00) to purchase the annuity contract(s) described in 3.b below.

The parties agree that any attorney's fees owed by the Plaintiffs shall not exceed 25% of the settlement amount (28 U.S.C. § 2678) and must be paid out of the settlement amount and not in addition thereto.

(b)   The United States will purchase an annuity contract to make the following payments:

Payable to Plaintiff Vanessa Castaneda:

- $500.00 per month, guaranteed 5 years, beginning on January 6, 2012 and ending on December 6, 2016.
- $12,500.00 paid semi-annually, guaranteed 4 years, beginning on July 1, 2012 and ending on January 1, 2016.
- $1,548.96 per month, guaranteed 11 years, beginning on January 6, 2017 and ending on December 6, 2027.
- $25,000.00 guaranteed lump sum payable on January 6, 2018.
- $100,000.00 guaranteed lump sum payable on January 6, 2023.
- $350,000.00 guaranteed lump sum payable on January 6,

1  2028.

2      4.   It is understood and agreed by the parties that the

3  purchase price of the annuity may vary on the date of purchase

4  from that stated above.  The parties agree that the total cost to

5  the United States of all payments required under this Stipulation

6  for Compromise Settlement and Release shall not exceed

7  $506,250.00.  In the event the annuity purchase price has changed

8  by the time of funding, the annuity payments will be adjusted

9  either upward or downward, so that the total purchase price of

10  the annuity contract to or for the benefit of Vanessa Castenada

11  shall be neither more than nor less than $506,250.00.

12      5.   In the event of the death of Vanessa Castaneda during a

13  period of certain payments, all remaining certain payments shall

14  revert to the United States until the total payout of the annuity

15  reaches the cost ($506,250.00).  Any remaining payments

16  thereafter will be made payable to the Estate of Vanessa

17  Castaneda or the beneficiary she may designate in writing in a

18  form acceptable to the annuity issuer.

19      6.   The annuity contract will be owned solely and

20  exclusively by the United States and will be purchased as soon as

21  practicable following the execution of this Stipulation for

22  Compromise Settlement and Release.  The parties stipulate and

23  agree that the United States' only obligation with respect to

24  said annuity contract and any annuity payments therefrom is to

25  purchase the annuity contract, and they further agree that the

26  United States does not guarantee or insure any of the annuity

27  payments.  The parties further stipulate and agree that the

28  United States is released from any and all obligations with

1  respect to the annuity contract and annuity payments upon the

2  purchase of the annuity contract.

3      7.   The parties stipulate and agree that the annuity

4  company that issues the annuity contract shall at all times have

5  the sole obligation for making all annuity payments.  The

6  obligation of the annuity company to make each annuity payment

7  shall be discharged upon the mailing of a valid check in the

8  amount of such payment to the address designated by the party to

9  whom the payment is required to be made under this Stipulation

10 for Compromise Settlement and Release.  Checks lost or delayed

11 through no fault of the annuity company shall be promptly

12 replaced by the annuity company, but the annuity company is not

13 liable for interest during the interim.

14     8.   The parties stipulate and agree that the annuity

15 payments cannot be accelerated, deferred, increased, or decreased

16 by the parties, that no part of any annuity payments called for

17 herein or any assets of the United States or the annuity company

18 are subject to execution or any legal process for any obligation

19 in any manner, and that the Plaintiffs shall not have the power

20 to sell, mortgage, encumber, or anticipate said annuity payments,

21 or any part thereof, by assignment or otherwise.

22     9.   Plaintiff Vanessa Castaneda and Plaintiff Vanessa

23 Castaneda's guardians, heirs, executors, administrators or

24 assigns do hereby agree to maintain with the annuity company a

25 current mailing address, and to notify the annuity company and

26 the United States of the death of any beneficiary of said annuity

27 contract within ten (10) days of death.

28     10.  Plaintiffs and Plaintiffs' heirs, executors,

5

administrators or assigns do hereby accept the cash sum set forth
above in paragraph (3)(a)(i) and the purchase of the annuity
contract set forth above in paragraph (3)(b), in full release,
settlement, and satisfaction of any and all claims, demand,
rights, and causes of action of whatsoever kind and nature,
arising from, and by reason of, any and all known and unknown,
foreseen and unforeseen, bodily and personal injuries, death, or
damage to property, and the consequences thereof, which the
Plaintiffs or Plaintiffs' heirs, executors, administrators, or
assigns may have or hereafter acquire against the United States,
its agents, servants and employees on account of the same subject
matter that gave rise to the above captioned action including any
future claims for wrongful death and any claims for fees, costs
and expenses; and do hereby agree to reimburse, indemnify and
hold harmless the United States and its agent, servants, and
employees from any and all such claims, causes of action, liens,
rights, or subrogated or contribution interests incident to,
resulting or arising from the acts or omissions that gave rise to
the above captioned action, including claims or causes of action
for wrongful death.

11. Pursuant to 28 U.S.C. §§ 2672 and 2676, any and all
claims or causes of action asserted in this action against
federal employees in their individual capacities, including but
not limited to George Molinar, are forever released and will be
forthwith dismissed, with prejudice, by Plaintiffs.

12. This compromise settlement is specifically subject to
each of the following conditions:

(a) An Agreement by the parties on terms, conditions,

and requirements of this Stipulation for Compromise Settlement
and Releasee and the annuity contract.  The parties stipulate and
agree that the Stipulation for Compromise Settlement and Release
and the compromise settlement are null and void in the event the
parties cannot agree on the terms, conditions and requirements of
this Stipulation For Compromise Settlement and Release, and the
annuity contract.  The terms, conditions and requirements of this
Stipulation for Compromise Settlement and Release are not
severable and the failure to agree, fulfill or comply with any
term, condition, or requirement renders the entire Stipulation
For Compromise Settlement and Release and the compromise
settlement null and void.  The authorization by the Attorney
General or the Attorney General's designee to negotiate and
consummate a settlement for the amount agreed upon by the parties
does not make the settlement binding upon the United States
unless and until the other terms, conditions and requirements of
this Stipulation For Compromise Settlement and Release have been
completely agreed upon in writing.

        (b)   Each beneficiary of the annuity contract set forth
above in paragraph 3(b) must be alive at the time of the purchase
of the annuity contract.  In the event of the death of any
beneficiary prior to the purchase of said annuity contract, the
entire Stipulation For Compromise Settlement and Release and the
compromise settlement are null and void.

        (c)   Prior approval of the settlement by a court of
competent jurisdiction, if required by law.  In the event a
Plaintiff or state law requires court approval of this
settlement, the Plaintiffs have the obligation to obtain such

approval.  Such court approval must be obtained prior to the

purchase of the annuity contract set forth above in paragraph

3(b).  The Plaintiffs agree to obtain such approval in a timely

manner: time being of the essence.  In the event the Plaintiffs

or state law requires court approval of this settlement and such

approval is not obtained by Plaintiffs, the entire Stipulation

For Compromise Settlement and Release and the compromise

settlement are null and void.

13.  Plaintiffs' attorneys agree to distribute the

settlement proceeds among the Plaintiffs and to obtain a

dismissal of the above-captioned action with prejudice as to the

United States and Federal Defendant George Molinar, with each

party bearing its own fees, costs, and expenses.

14.  The parties agree that this Stipulation for Compromise

Settlement and Release, including all the terms and conditions of

this compromise settlement and any additional agreements relating

thereto, may be made public in their entirety, and the plaintiffs

expressly consent to such release and disclosure pursuant to 5

U.S.C. § 552a(b).

15.  It is contemplated that this Stipulation may be

executed in several counterparts, with a separate signature page

for each party.  All such counterparts and signature pages,

together, shall be deemed to be one document.

16.  This written agreement contains all of the agreements

between the parties, and is intended to be and is the final and

sole agreement between the parties.  The parties agree that any

other prior or contemporaneous representations or understandings

not explicitly contained in this written agreement, whether

1   written or oral, are of no further legal or equitable force or

2   effect.  Any subsequent modifications to this agreement must be

3   in writing, and must be signed and executed by the parties.

4

5

6   Dated:_____, 20__          _____See Following Pages_____
                                       Yanira Castaneda, individually
7                                      and as personal representative of
                                       the Estate of Francisco Castaneda,
8                                      deceased

9

10  Dated:_____, 20__          _____See Following Pages_____
                                       Vanessa Castaneda
11

12

13  Dated:_____, 20__          _____See Following Pages_____
                                       Conal Doyle, Esq.
14                                     Attorney for Plaintiffs

15

16  Dated:_____, 20__          _____See Following Pages_____
                                       Adele Kimmel, Esq.
17                                     Attorney for Plaintiffs

18

19  Dated:_____, 20__          _____See Following Pages_____
                                       Tom Dempsey, Esq.
20                                     Attorney for Plaintiffs

21

22  Dated:_____, 20__          _____See Following Pages_____
                                       Keith M. Staub
23                                     Anoiel Khorshid
                                       Assistant United States Attorneys
24
                                       Attorneys for Defendant
25                                     the United States of America

26

27  Dated:_____, 20__          _____See Following Pages_____
                                       Len Blonder
28                                     Structured Settlement Broker

1  written or oral, are of no further legal or equitable force or
2  effect. Any subsequent modifications to this agreement must be
3  in writing, and must be signed and executed by the parties.
4
5
6  Dated: Feb 25, 2011        Yahira Castaneda, individually
7                             and as personal representative of
8                             the Estate of Francisco Castaneda,
                               deceased
9
10 Dated: Feb. 25, 2011       Vanessa Castaneda
11
12 Dated: Feb 25, 2011
13                             Conal Doyle, Esq.
14                             Attorney for Plaintiffs
15
   Dated:_____, 20___
16                             Adele Kimmel, Esq.
17                             Attorney for Plaintiffs
18 Dated: Feb 25, 20___
19                             Tom Dempsey, Esq.
20                             Attorney for Plaintiffs
21
   Dated:_____, 20___
22                             Keith M. Staub
23                             Anoiel Khorshid
                               Assistant United States Attorneys
24                             Attorneys for Defendant
25                             the United States of America
26
   Dated:_____, 20___
27                             Len Blonder
28                             Structured Settlement Broker

                           9

written or oral, are of no further legal or equitable force or effect.  Any subsequent modifications to this agreement must be in writing, and must be signed and executed by the parties.


Dated:_____, 20___

Yanira Castaneda, individually
and as personal representative of
the Estate of Francisco Castaneda,
deceased


Dated:_____, 20___

Vanessa Castaneda


Dated:_____, 20___

Conal Doyle, Esq.
Attorney for Plaintiffs


Dated: Feb. 25_____, 20 11

Adele Kimmel, Esq.
Attorney for Plaintiffs


Dated:_____, 20___

Tom Dempsey, Esq.
Attorney for Plaintiffs


Dated: 4-6_____, 20 11

Keith M. Staub
Anoiel Khorshid
Assistant United States Attorneys

Attorneys for Defendant
the United States of America


Dated: 4-6_____, 20 11

Len Blonder
Structured Settlement Broker


9